**FALASTEEN DOLAH,**

74 Pancake Hollow Drive

Wayne, NJ 07407

201-757-4521

Petitioner,

---

| | |
|---|---|
| **Falasteen Hussein** | UNITED STATES DISTRICT COURT |
| | SOUTHERN DISTRICT OF NEW YORK |
| Petitioner, | |
| v. | DOCKET NO.: |
| | |
| **INTERNATIONAL COMMODITY** | |
| **TRADERS, LLC and MICHAEL URSINI,** | |
| | <u>CIVIL ACTION</u> |
| | |
| **Respondents.** | |
| | **PETITION TO VACATE ARBITRATION AWARD** |

---

**PETITION TO VACATE ARBITRATION AWARD**

(9 U.S.C. §10)

Petitioner Falasteen Dolah, proceeding pro se, respectfully petitions this Court to vacate the arbitration award issued by the American Arbitration Association on November 19, 2025.

---

**I. NATURE OF THE ACTION**

This action seeks vacatur of an arbitration award under the Federal Arbitration Act.

The arbitrator acknowledged the existence of Petitioner's fraud theory based on material nondisclosure but declined to adjudicate the elements of that claim and instead disposed of the case by assigning generalized investment risk to Petitioner.

20205-11-09 Final Tribunal Deci…

Because the arbitrator failed to decide a submitted claim and replaced legal analysis with a risk allocation rationale, the award must be vacated under 9 U.S.C. §10(a)(4).

---

## II. JURISDICTION AND VENUE

This Court has jurisdiction under:

- Federal Arbitration Act, 9 U.S.C. §10
- Diversity jurisdiction, 28 U.S.C. §1332

The arbitration award was issued in New York, New York.

20205-11-09 Final Tribunal Deci…

Venue is therefore proper in the Southern District of New York.

---

## III. PARTIES

Petitioner Falasteen Dolah was Claimant in AAA Case No. 01-23-0005-4526.

Respondents International Commodity Traders, LLC and Michael Ursini were Respondents in that arbitration.

20205-11-09 Final Tribunal Deci…

---

## IV. FACTUAL BACKGROUND

1. The dispute arose from an investment agreement dated November 2, 2020.

   20205-11-09 Final Tribunal Deci…

2. Petitioner asserted fraudulent inducement based in part on Respondents' failure to disclose prior similar failed transactions involving investor losses.

    20205-11-09 Final Tribunal Deci…

3. The arbitrator acknowledged that this nondisclosure allegation was raised and part of the evidentiary record.

    20205-11-09 Final Tribunal Deci…

4. The tribunal also recognized conflicting testimony regarding what was disclosed.

    20205-11-09 Final Tribunal Deci…

5. Instead of resolving whether nondisclosure constituted fraud, the arbitrator concluded:

    - the transaction was "highly risky"
    - Petitioner bore due diligence obligations
    - the nondisclosure added "very little to the analysis"

    20205-11-09 Final Tribunal Deci…

6. The award therefore rejected the claim without deciding duty to disclose, materiality, or scienter.

## V. GROUNDS FOR VACATUR

### A. Arbitrator Exceeded His Powers

(9 U.S.C. §10(a)(4))

An arbitrator exceeds authority when he fails to decide an issue submitted for decision.

The tribunal admitted the nondisclosure claim existed but declined to determine liability and instead dismissed it because the investment was risky.

20205-11-09 Final Tribunal Deci…

Risk allocation is not a substitute for adjudicating fraud elements.

By refusing to decide whether nondisclosure constituted fraudulent inducement, the arbitrator failed to perform the task assigned by the arbitration agreement.

### B. Award Is Not Final and Definite

(9 U.S.C. §10(a)(4))

The award states all unaddressed claims are dismissed while simultaneously declining to make findings on essential fraud elements.

20205-11-09 Final Tribunal Deci…

A decision that does not resolve a submitted claim on its merits is not mutual, final, and definite.

### C. Manifest Disregard of Law

The arbitrator acknowledged the legal theory but replaced legal analysis with a generalized statement that risky transactions require due diligence.

20205-11-09 Final Tribunal Deci…

Fraud by omission cannot be dismissed solely because a transaction is risky.
Failure to analyze duty to disclose constitutes manifest disregard of governing law.

### VI. RELIEF REQUESTED

Petitioner respectfully requests:

1. Vacatur of the arbitration award
2. Rehearing before a different arbitrator
3. Any further relief the Court deems proper

**Respectfully submitted**

Falasteen Dolah
Pro Se