**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

FALASTEEN HUSSEIN,

Petitioner,

-against-

INTERNATIONAL COMMODITY TRADERS, LLC and MICHAEL URSINI,

Respondents.

---------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

**26-CV-1373 (AT) (JW)**

**To the Honorable Analisa Torres, United States District Judge:**

On February 17, 2026, *pro se* Petitioner Falasteen Hussein ("Hussein" or "Petitioner") filed a petition to vacate an arbitration award ("Petition"). Dkt. No. 1. Before this Court is Respondents' International Commodity Traders, LLC ("ICT") and Michael Ursini ("Ursini") (jointly "Respondents") motion to dismiss the Petition on multiple grounds, including lack of service and untimely notice pursuant to the Federal Arbitration Act ("FAA"). See 9 U.S.C. § 12. For the reasons below, this Court recommends that Respondents' motion to dismiss be **GRANTED**.

## BACKGROUND

On November 2, 2020, Petitioner and Respondents entered into an investment agreement. Dkt. No. 1 at 2. Petitioner commenced this litigation in the Supreme Court for the State of New York on February 14, 2023. Dkt. No. 5-3 at ¶ 4. On September 13, 2023, the Supreme Court stayed the case and directed the parties to arbitrate according to the investment agreement's arbitration clause. Id. at ¶ 5.

The parties arbitrated their claims before the American Arbitration Association ("AAA"), and, on October 20, 2025, the AAA issued an arbitration award in favor of Respondents. See Dkt. Nos. 1-3 at 3; 5-3 at ¶¶ 6,8. On October 23, 2025, Petitioner filed an application for modification/clarification of the award asking the AAA to change its ruling. Dkt. No. 1-3 at 3. The AAA did not make any changes to the ruling and reaffirmed the original arbitration award on November 19, 2025. Id. at 8.

On February 17, 2026, Petitioner filed the Petition in the instant case, which did not include a certificate of service to Respondents. Dkt. No. 1. On March 18, 2026, Respondents filed a motion to dismiss the Petition. Dkt. No. 5. On March 20, 2026, this Court was referred general pretrial matters, the petition to vacate the arbitration award, and the motion to dismiss. Dkt. No. 8. On April 17, 2026, this Court requested additional briefing from each party regarding whether the Petition violates 9 U.S.C. § 12, which states that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." Dkt. No. 12. Respondents filed a reply on April 30, 2026. Dkt. No. 13. Petitioner never responded to the motion to dismiss nor did he respond to the Court's request for additional briefing.

## I. LEGAL STANDARD

### A. FAA Three-Month Deadline

Petitions to vacate arbitration awards are governed by the FAA. See 9 U.S.C. §§ 9-12; see also Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 582 (2008) ("The

[FAA] ... supplies mechanisms for enforcing arbitration awards: a judicial decree confirming an award, an order vacating it, or an order modifying or correcting it.").

The rules of arbitration state that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney *within three months* after the award is filed or delivered." 9 U.S.C. § 12 (emphasis added). This three-month filing time limit is "absolute" and "strictly constructed." Anglim v. Vertical Grp., No. 16 CIV 3269 (KPF), 2017 WL 543245, at *7 (S.D.N.Y. Feb. 10, 2017); Florasynth, Inc. v. Pickholz, 750 F.2d 171, 175 (2d Cir. 1984) ("A party may not raise a motion to vacate, modify, or correct an arbitration award after the three-month period has run.").

Section 12 of the FAA specifies that the three-month clock begins when the arbitration award is "filed or delivered." Terwilliger v. Res. Am., Inc., No. 22 CIV 9610 (NRB), 2023 WL 3582342, at *3 (S.D.N.Y. May 22, 2023). In the Second Circuit, this means "when an award is issued, not when it is legally served upon the parties to the arbitration." Id.

Even in *pro se* cases, "[t]here is no exception to [the] requirement [that] a motion to vacate be served within 90 days of the date the award was filed or delivered." Funcia v. NYSE Group, No. 07 CIV 1745 (RWS), 2007 WL 4276897, at *3 (S.D.N.Y. Dec. 3, 2007) (dismissing *pro se* plaintiff's motion to vacate arbitration award as untimely) (citing Kruse v. Sands Brothers & Co., Ltd., No. 02 CIV 5912 (WK), 226 F.Supp.2d 484, 486 (S.D.N.Y. Oct. 3, 2002)).

**B. Rule 12(b)(5)**

Pursuant to the Federal Rules of Civil Procedure, a party may move for dismissal of a complaint due to inadequate service of process. Fed. R. Civ. P. 12(b)(5). "Once a defendant challenges the sufficiency of service of process, the burden of proof is on the plaintiff to show the adequacy of service." Vantone Grp. Ltd. Liab. Co. v. Yangpu Ngt Indus. Co., No. 13 CIV 7639 (LTS) (FM), 2016 WL 3926449, at *2 (S.D.N.Y. July 15, 2016); Khan v. Khan, 360 F. App'x 202, 203 (2d Cir. 2010) (summary order).

"In deciding a Rule 12(b)(5) motion, a Court must look to Rule 4, which governs the content, issuance, and service of a summons." DeLuca v. AccessIT Grp., Inc., No. 08 CIV 1699 (PKL), 695 F. Supp. 2d 54, 64 (S.D.N.Y. Feb. 9, 2010); Fantozzi v. City of New York, No. 21 CIV 4439 (GHW), 343 F.R.D. 19, 25 (S.D.N.Y. Oct. 20, 2022). Rule 4(l) states that "[u]nless service is waived, proof of service must be made to the court." Fed. R. Civ. P. 4(l). Rule 4(m) provides in pertinent part:

> "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

## II. DISCUSSION

While Respondents raise several grounds in support of dismissal, the Court focuses on Respondents' arguments regarding untimely service and inadequate service.

**A. Untimely Service of Petition**

Petitioner failed to timely serve Respondents within the FAA's requisite 90-day filing period. Here, the arbitration award was issued on October 20, 2025 and Plaintiff had until January 18, 2025 to file a petition to vacate. Dkt. No. 1-3 at 3. However, the Petition to Vacate was not filed until February 17, 2026—thirty days *after* the three-month filing requirement had passed. Dkt. No. 1.

While Petitioner did not respond to the Court's order for additional briefing, Petitioner attached to the initial complaint as an exhibit the "Decision for Modification/Clarification" from the AAA. See Dkt. No. 1-3. Petitioner had applied for modification/clarification to the AAA on October 23, 2025 and the AAA ultimately reaffirmed the arbitration award on November 19, 2025—making *no* changes to the award decision. Id. This November decision, however, does not restart the FAA's strict three-month filing deadline clock because the AAA merely reaffirmed the arbitration award issued in October. See Waveform, Inc. v. Panorama Weather N. Am., No. 06 CIV. 5270 (CM) (MDF), 2007 WL 678731, at *5 (S.D.N.Y. Mar. 2, 2007) (holding that an application for modification of a final award to the AAA did not extend the start of the FAA's three-month filing period).

Any challenges to the final arbitration award must have been served within the three-month filing period, and there are no exceptions to this strict deadline, even for *pro se* petitioners. See Funcia, 2007 WL 4276897 at *3. Consequently, because Petitioner failed to file the Petition until 30 days *after* the three-month statute of limitations, the Petition is untimely. See Triomphe Partners, Inc. v. Realogy Corp.,

No. 10 CIV. 8248 (PKC), 2011 WL 3586161, at *2 (S.D.N.Y. Aug. 15, 2011) (holding that petition to vacate "served three months and one day after delivery of the award" was "untimely").

Therefore, because Petitioner filed the Petition *after* the strict 90-day deadline, the Court recommends that Respondents' motion to dismiss be **GRANTED** for untimeliness.

### B. Inadequate Service of Process

Even assuming *arguendo* that the Petition was timely filed, it should nevertheless be dismissed for lack of service. Respondents argue that Petitioner failed to comply with Rule 4 of the Federal Rules of Civil Procedure, resulting in inadequate service of process. The Court agrees.

Rule 4(l) requires that in the absence of waiver of service by Respondents, Petitioner must file proof of service on the court's docket. Fed. R. Civ. P. 4(l). Here, Respondents have expressly denied waiving service and contend that they were never served with the Petition.[1] Dkt. Nos. 5, 13.

The only exception to this requirement of service is if Petitioner shows "good cause" for their failure to properly service Respondents, and the court must extend the time for service accordingly. Fed. R. Civ. P. 4(m). Here, an extension to serve

[1] Respondent's motion to dismiss states that on or about January 29, 2026, Petitioner attempted to deliver a copy of the complaint to Respondent Ursini's home via the United States Postal Office. Dkt. No. 5-1 (Ex. A). After this failed, attempted delivery, there were no subsequent deliveries, and no documents were ever served to Ursini. Id. Respondent ICT was never served nor were there any attempted deliveries. Id.

pursuant to Rule 4(m) is not warranted because Petitioner has not requested an extension and has not shown good cause for his failure to properly effectuate service. See Cassano v. Altshuler, No. 15 CIV 1186 (NSR), 186 F. Supp. 3d 318, 322 (S.D.N.Y. 2016). Indeed, since filing the complaint on February 17, 2026, Dkt. No. 1, Petitioner has not filed any other documents for his case on the docket, including a response to the motion to dismiss.

**C. Dismissal with Prejudice**

Ordinarily in these circumstances, Rule 4(m) provides that if a Respondent is not served within 90 days after the complaint is filed, the court must dismiss the action without prejudice. See Flannery v. HBO Digital Servs., Inc., No. 25 CIV 01106 (MMG), 2025 WL 2145585, at *1 (S.D.N.Y. July 29, 2025) (dismissing action without prejudice where there was no proof of service on the docket or good cause shown for failure of service). "It may, however, operate as a dismissal *with* prejudice when the action will be time-barred." Putnam v. Morris, 833 F.2d 903, 904–05 (10th Cir.1987) (citing Lovelace v. Acme Markets, Inc., 820 F.2d 81, 85 (3d Cir.1987); Wei v. State of Hawaii, 763 F.2d 370, 372 (9th Cir.1985) (per curium) (emphasis added).

As discussed above, the FAA's filing deadline is strict and absolute. Petitioner failed to serve Respondents within the filing deadline and has since made no effort to show good cause for this failure of service. "Where, as here, good cause is lacking, but the dismissal without prejudice in combination with the statute of limitations would result in a dismissal *with* prejudice ... the district court [should] weigh[] the

impact that a dismissal or extension would have on the parties." Zapata v. The City of New York, 502 F.3d 192, 197 (2nd Cir.2007) (emphasis in original).

Certainly, if the present motion to dismiss was based *solely* on Petitioner's inadequate service of process, it should be dismissed without prejudice. See Flannery, 2025 WL 2145585 at *1. However, if the Court were to dismiss Petitioner's motion without prejudice, Petitioner would not be able to reassert the time-barred claim because the FAA's strict statute of limitations has long since run. Abbas v. Tate, No. 20 CIV 3636 (JGK) (JLC), 2023 WL 324432, at *2 n.2 (S.D.N.Y. Jan. 19, 2023) ("'dismissal without prejudice would not produce a more just result' as any attempt by [plaintiff] to re-file his complaint would be time-barred and thus futile."); see Flowers v. Sehl, No. 22 CIV 2766 (AT) (JLC), 2024 WL 3336083, at *4 (S.D.N.Y. July 9, 2024), adopted by, 2024 WL 3677689 (S.D.N.Y. Aug. 5, 2024) (recommending dismissal with prejudice because statute of limitations had run).

Therefore, this Court recommends that this Petition should be **DISMISSED with prejudice**.

## III. CONCLUSION

For the foregoing reasons, the Court recommends that Respondent's motion to dismiss the Petition to Vacate the arbitration award be **GRANTED** and the case be **DISMISSED with prejudice.**

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file

written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections shall be filed with the Clerk of Court and on ECF. Any requests for an extension of time for filing objections must be directed to Judge Torres. **Failure to file objections within fourteen days will result in a waiver of objections and will preclude appellate review**. See Thomas v. Arn, 474 U.S. 140 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

SO ORDERED.

DATED: New York, New York
July 14, 2026

Jennifer E. Willis

JENNIFER E. WILLIS
United States Magistrate Judge